# U.S. District Court
## DISTRICT OF KANSAS (Topeka)
## CIVIL DOCKET FOR CASE #: <u>5:26–cv–04006–TC–ADM</u>

Lawson v. Anderson County, Kansas et al
Assigned to: District Judge Toby Crouse
Referred to: Magistrate Judge Angel D. Mitchell
Demand: $68,000,000
 Case in other court:  10CCA, 26–03048
Cause: 42:1983 Civil Rights Act

Date Filed: 01/15/2026
Date Terminated: 03/16/2026
Jury Demand: Plaintiff
Nature of Suit: 446 Civil Rights:
Americans with Disabilities – Other
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**Angeliina Lynn Lawson**
*ECF Notifications Only*

represented by **Angeliina Lynn Lawson**
1914 5th Avenue
Leavenworth, KS 66048
913–972–1661
Email: <u>angeliinacourtrecords@gmail.com</u>
PRO SE
*Bar Number:*
*Bar Status:*

V.

**<u>Defendant</u>**

**Anderson County, Kansas**

**<u>Defendant</u>**

**Tina Miller**
*Clerk, Anderson County District Court;*
*in her individual and official capacities*

**<u>Defendant</u>**

**Kelly Johnson**
*ADA Coordinator / District Court*
*Administrator, Fourth Judicial District;*
*in his official and individual capacities*

**<u>Defendant</u>**

**Jolene Zirkle**
*ADA Coordinator, Kansas Supreme*
*Court; in her official and individual*
*capacities*

 Email All Attorneys
 Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 01/15/2026 | 1 | COMPLAINT (No Summons Issued) with trial location of Topeka, filed by Angeliina Lynn Lawson. (Attachments: # 1 Exhibit A) (jsh) (Entered: 01/16/2026) |
|---|---|---|
| 01/15/2026 | 2 | CIVIL COVER SHEET re 1 Complaint by Plaintiff Angeliina Lynn Lawson. (jsh) (Entered: 01/16/2026) |
| 01/15/2026 | 3 | DESIGNATION OF PLACE OF TRIAL and DEMAND FOR TRIAL BY JURY filed by Plaintiff Angeliina Lynn Lawson – trial to be held in Topeka. (jsh) (Entered: 01/16/2026) |
| 01/15/2026 | 4 | MOTION for Leave to Proceed in forma pauperis by Plaintiff Angeliina Lynn Lawson. (Motion referred to Magistrate Judge Angel D. Mitchell.) (Attachments: # 1 Affidavit of Financial Status).<br><br>**NOTE – Access to document is restricted pursuant to the courts privacy policy.** (jsh) (Entered: 01/16/2026) |
| 01/15/2026 | | NOTICE OF JUDGE ASSIGNMENT: Case assigned to District Judge Toby Crouse and Magistrate Judge Angel D. Mitchell for all proceedings. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)<br><br>**NOTICE OF MAGISTRATE JUDGE AVAILABILITY: A United States magistrate judge is available to conduct all proceedings in this civil action if all parties voluntarily consent. Information & consent forms are available at https://www.uscourts.gov/file/459/download (jsh) (Entered: 01/16/2026)** |
| 01/16/2026 | 5 | DOCKET ANNOTATION: Plaintiff Angeliina Lynn Lawson is a registered pro se participant with ECF notifications only. (gw) (Entered: 01/16/2026) |
| 01/16/2026 | 6 | SUPPLEMENTAL NOTICE Preserving Ongoing Violations Under 42 U.S.C. §§ 1983, 12132 and 12203 by Angeliina Lynn Lawson. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D) (mam) (Entered: 01/20/2026) |
| 01/27/2026 | 7 | ORDER. Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF 4 ) is granted. The U.S. Marshals Service shall withhold service on the defendants until further order of the court. Signed by Magistrate Judge Angel D. Mitchell on 1/27/2026. (mam) (Entered: 01/27/2026) |
| 02/10/2026 | 8 | MOTION to Expedite Service and Set Scheduling Conference by Plaintiff Angeliina Lynn Lawson. (Motion referred to Magistrate Judge Angel D. Mitchell.) (mam) (Entered: 02/11/2026) |
| 02/23/2026 | 9 | ORDER denying 8 plaintiff's motion to expedite service and set scheduling conference. Plaintiff has invoked no grounds entitling her to the relief sought, and the court is unaware of any such grounds. In an order issued on January 27, 2026 (ECF 7), the court noted that it would not direct service of process on the defendants until the court screens the complaint for merit under 28 U.S.C. § 1915(e)(2)(B). If plaintiff wishes to avoid the delay associated with the screening process, she may pay the filing fee and then take the necessary steps to effect service of process on defendants. Otherwise, as previously ordered, the United States Marshals Service is directed to withhold service of process unless and until the court screens plaintiff's complaint for merit. Signed by Magistrate Judge Angel D. Mitchell on 2/23/2026. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (alh) (Entered: 02/23/2026) |

| 02/25/2026 | 10 | RESPONSE by Plaintiff Angeliina Lynn Lawson re 9 Order. (mam) (Entered: 02/26/2026) |
|---|---|---|
| 03/04/2026 | 11 | ORDER. Plaintiff Lawson is ordered to show cause within fourteen days why this suit should not be dismissed for lack of subject matter jurisdiction, judicial immunity, res judicata, or failure to state a claim. The case is stayed pending Lawson's response to this Order, and Defendants, if served, are ordered not to answer until the stay is lifted. Signed by District Judge Toby Crouse on 3/4/2026. (mam) (Entered: 03/04/2026) |
| 03/11/2026 | 12 | RESPONSE re 11 Order to Show Cause by Plaintiff Angeliina Lynn Lawson. (mam) (Entered: 03/11/2026) |
| 03/16/2026 | 13 | ORDER. Lawson's suit is dismissed because jurisdiction is precluded by the Younger abstention doctrine. Signed by District Judge Toby Crouse on 3/16/2026. (mam) (Entered: 03/16/2026) |
| 03/16/2026 | 14 | JUDGMENT. Pursuant to the Court's Order filed on 3/16/2026, this case is dismissed. Signed by deputy clerk on 3/16/2026. (mam) (Entered: 03/16/2026) |
| 03/18/2026 | 15 | MOTION to Alter or Amend Judgment by Plaintiff Angeliina Lynn Lawson. (mam) (Entered: 03/18/2026) |
| 03/24/2026 | 16 | NOTICE OF APPEAL as to 13 Order and 14 Judgment by Plaintiff Angeliina Lynn Lawson. (mam) (Entered: 03/24/2026) |
| 03/24/2026 | | APPEAL FEE STATUS: Filing fee not paid re 16 Notice of Appeal on behalf of Plaintiff Angeliina Lynn Lawson. Filer granted IFP status on 1/27/2026. (This is a text entry only. There is no.pdf document associated with this entry.) (mam) (Entered: 03/24/2026) |
| 03/24/2026 | 17 | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re 16 Notice of Appeal. (Attachments: # 1 Preliminary Record) (mam) (Entered: 03/24/2026) |
| 03/24/2026 | 18 | APPEAL DOCKETED in 10CCA on 3/24/2026 and assigned Appeal No. 26–3048 re 16 Notice of Appeal filed by Angeliina Lynn Lawson. (mam) (Entered: 03/24/2026) |
| 03/25/2026 | 19 | ORDER of 10CCA as to 16 Notice of Appeal filed by Angeliina Lynn Lawson. The court abates this appeal pending the district court's disposition of Doc. 15 . Once the district court has ruled on Doc. 15 , the Clerk of the district court shall supplement the preliminary record. (Appeal No. 26–3048) (mam) (Entered: 03/25/2026) |
| 04/14/2026 | 20 | ORDER of 10CCA as to 16 Notice of Appeal. On 3/24/2026, this court abated this appeal pending the district court's disposition of appellant Angeliina Lynn Lawson's "Rule 59(e) Motion to Alter or Amend Judgment." [See CTA10 Dkt. No. 2 (abating appeal pending the district court's disposition of DC Dkt. No. 15)]. The district court has not yet ruled on that motion. Accordingly, the court continues the abatement of this appeal pending the district court's disposition of DC Dkt. No. 15. Once the district court has ruled on DC Dkt. No. 15: (1) the Clerk of the district court shall supplement the preliminary record as Tenth Circuit Rule 3.2(B) requires; and (2) this court will provide Ms. Lawson with additional directive regarding the prosecution of this appeal. (Appeal No. 26–3048) (This is a text entry only. There is no.pdf document associated with this entry.) (mam) (Entered: 04/15/2026) |
| 04/15/2026 | 21 | ORDER denying 15 Motion to Alter or Amend Judgment. Signed by District Judge Toby Crouse on 4/15/2026. (mam) (Entered: 04/15/2026) |

| 04/15/2026 | 22 | SUPPLEMENTAL PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re 16 Notice of Appeal. ( Appeal No. 26–3048) (Attachments: # 1 Supplemental Preliminary Record) (mam) (Entered: 04/15/2026) |
| --- | --- | --- |

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the

District of Kansas

Division

|  |  |
|---|---|
| Angeliina L. Lawson | Case No. **5:26-cv-04006-TC-ADM** |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Jury Trial: *(check one)*  ☒ Yes  ☐ No

Anderson County, et. al,

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non–Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Angeliina L. Lawson |
| Address | 1914 5th Ave |

| | | |
|---|---|---|
| Leavenworth | KS | 66048 |
| City | State | Zip Code |

| | |
|---|---|
| County | Leavenworth |
| Telephone Number | 9139721661 |
| E-Mail Address | AngeliinaCourtRecords@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Anderson County |
| Job or Title *(if known)* | |
| Address | 409 S Oak St |

| | | |
|---|---|---|
| Garnett | KS | 66032 |
| City | State | Zip Code |

| | |
|---|---|
| County | Anderson |
| Telephone Number | 785-448-6841 |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Tina Miller |
| Job or Title *(if known)* | Clerk of Anderson County District Court |
| Address | 100 E 4th Ave., Garnett, KS 66032 |
| County | Anderson |
| Telephone Number | 785-448-6886 |

| | |
|---|---|
| E-Mail Address *(if known)* | Tina.Miller@kscourts.gov |

☑ Individual capacity    ☑ Official capacity

**Defendant No. 3**

| | |
|---|---|
| Name | Kelly Johnson |
| Job or Title *(if known)* | ADA Coordinator / District Court Administrator |
| Address | 301 S Main, Ottawa, KS 66067 |
| County | Fourth Judicial District |
| Telephone Number | 785 242-6000 |
| E-Mail Address *(if known)* | kelly.johnson@kscourts.gov |

☑ Individual capacity    ☑ Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | Jolene Zirkle |
| Job or Title *(if known)* | ADA Coordinator Kansas Supreme Court |
| Address | 301 SW 10th Ave. Topeka, KS 66612 |
| County | State of Kansas |
| Telephone Number | 785-296-2256 |
| E-Mail Address *(if known)* | Jolene.Zirkle@kscourts.org |

☑ Individual capacity    ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Due Process (14th Amendment), Access to Courts, Equal Protection, First Amendment retaliation, Title II of the ADA (42 U.S.C. § 12132), and ADA anti-retaliation protections (42 U.S.C. § 12203).
Article VI Supremacy Clause, Article I Section 8

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Anderson County officials and court personnel acted under color of law by intentionally suppressing and concealing material exculpatory evidence, altering the record submitted on appeal, refusing to transmit the record during federal removal proceedings, and retaliating against Plaintiff's exercise of ADA rights by conditioning custody on disability-based terms.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

Anderson County District Court, Garnett, Kansas.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

December 18–22, 2025; and ongoing.

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

- On Dec. 18, 2025, 4 Families Services submitted a parenting report to Anderson County via the judge's assistant. The report was never docketed or served to the parties.
- On Dec. 22, 2025, a custody-terminating order was issued that omitted the report and falsely claimed adverse findings.
- Clerk Tina Miller later confirmed the report was never filed or served.
- Volume 3 of the appeal record was labeled "confidential" without motion or legal basis, further concealing exculpatory evidence.
- During federal removal proceedings in May 2025, the clerk also refused to transmit the record and imposed improper fees.
- Plaintiff requests for ADA accommodations were denied and filed federal complaints were used to retailate.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff has suffered severe and ongoing harm including:
- Loss of parent-child contact and interference with familial association (daily since Sept. 19, 2024);
- Emotional and psychological trauma from state-enabled alienation and retaliation;
- Economic harm, including lost income, forced poverty, and blocked access to reunification services;
- Denial of disability accommodations and retaliation under ADA Title II;
- Suppression of due process rights and court access through spoliation and ex parte record control;
- Professional and reputational damage due to public record manipulation and false judicial findings.

These injuries are detailed and monetized in the Tucker Act Damages Ledger and Notice of Claim filed November 16, 2025, which calculated damages exceeding $56,375,000.00 and continuing to accrue daily.

Plaintiff was denied access on January 15, 2026 again to material exculpatory evidence, even after requesting it as a reasonable ADA accommodation. The Court Administrator confirmed that the evidence was withheld and kept by the judge and excluded from the record and parties. See Exhibit A

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Plaintiff requests:

1. Declaratory relief declaring the December 22, 2025 custody-terminating order void as issued in reliance on suppressed evidence;

2. Injunctive relief requiring filing and disclosure of the December 18, 2025 4 Families report and correction of the appellate record;

3. Compensatory damages for constitutional violations, emotional distress, retaliation, and ADA exclusion;

4. Punitive damages for willful suppression of material evidence and abuse of authority under color of law. Plaintiff incorporates by reference the Tucker Act Damages Ledger and Notice of Claim filed in Anderson County on November 16, 2025, which itemized daily constitutional harms and financial loss. The current damages total exceeds $56,375,000.00 and continues to accrue.

Actual damages to be proven at trial. Punitive damages of $12,000,000 are sought to deter continued retaliation and judicial misconduct.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          January 15, 2026

Signature of Plaintiff

Printed Name of Plaintiff      Angeliina L. Lawson

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Pro Se 15 (Rev 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Name of Law Firm  _____

Address  _____

_____

City                          State              Zip Code

Telephone Number  _____

E-mail Address  _____

 Gmail

Angeliina <angeliinacourtrecords@gmail.com>

## ADA accommodations Effective Communication

**Kelly Johnson** <Kelly.Johnson@kscourts.gov>        Thu, Jan 15, 2026 at 1:28 PM
To: Angeliina <angeliinacourtrecords@gmail.com>

Ms. Lawson,

Your request for a copy of the report by 4 Families Services (Layne Project) is denied. The report in question was emailed directly to Judge Godderz's office. As it was a record directly to a judge, it is not subject to the Kansas Open Records Act. The public policy behind KORA is that public records should be accessible to the public. K.S.A. 45-216. A "public record" is any recorded information made, maintained, kept, or is in the possession of a public agency or an officer of that public agency. K.S.A. 45-217(l)(1). However, the definition of "public agency" expressly excludes judges. K.S.A. 45-217(k)(2)(B). Therefore, any record received and kept by the judge by definition is not a public record subject to KORA.

**Kelly E. Johnson**

District Court Administrator
Fourth Judicial District of Kansas
Franklin County Court Building
301 S Main, Ottawa KS 66067

Phone: 785.242.6000 Fax: 785.242.8330



**4th Judicial District**
Anderson • Coffey • Franklin • Osage

Notice: Non-official information contained in this message does not necessarily represent the views and positions of the Fourth Judicial District of Kansas.

This E-mail message and accompanying documents are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and contain information intended for the specified individual(s) only. This information is confidential. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this E-mail in error and that any review, dissemination, copying, or the taking of any action based on the contents of this information is strictly prohibited. If you have received this E-mail in error, please notify us immediately by E-mail and delete the original message.

**From:** Angeliina <angeliinacourtrecords@gmail.com>
**Sent:** Monday, December 22, 2025 1:14 PM
**To:** Kelly Johnson <Kelly.Johnson@kscourts.gov>
**Subject:** Re: ADA accommodations Effective Communication

CAUTION: This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you Kelly, there was another document that was sent directly to the court from 4 Families last Thursday on Dec 18, 2025 and I never received a copy of that report

Angeliina

On Mon, Dec 22, 2025 at 9:46 AM Kelly Johnson <Kelly.Johnson@kscourts.gov> wrote:

Ms. Lawson,

As requested, please see the following documents attached: index numbers 51-60.

The other specific documents you requested will be sent in subsequent emails.

**Kelly E. Johnson**

District Court Administrator
Fourth Judicial District of Kansas
Franklin County Court Building
301 S Main, Ottawa KS 66067

Phone: 785.242.6000 Fax: 785.242.8330



**4th Judicial District**
Anderson • Coffey • Franklin • Osage

Notice: Non-official information contained in this message does not necessarily represent the views and positions of the Fourth Judicial District of Kansas.

13

This E-mail message and accompanying documents are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and contain information intended for the specified individual(s) only. This information is confidential. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this E-mail in error and that any review, dissemination, copying, or the taking of any action based on the contents of this information is strictly prohibited. If you have received this E-mail in error, please notify us immediately by E-mail and delete the original message.

**From:** Angeliina <angeliinacourtrecords@gmail.com>
**Sent:** Friday, December 19, 2025 2:26 PM
**To:** Kelly Johnson <Kelly.Johnson@kscourts.gov>
**Subject:** Re: ADA accommodations Effective Communication

---

**CAUTION: This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

---

I am writing to formally correct your December 19, 2025 response and to clarify that my December 18, 2025 communication was not a request under the Kansas Open Records Act (KORA).

My request was submitted exclusively as an ADA Title II reasonable accommodation request for effective communication, pursuant to 42 U.S.C. § 12132 and 28 C.F.R. § 35.160, and must be processed under the court's ADA compliance obligations—not under public records statutes.

Reclassifying an ADA accommodation request as a KORA request is legally improper and constitutes a failure to engage in the required ADA interactive process. The ADA imposes an independent, affirmative duty on public entities to ensure that communications with individuals with disabilities are as effective as communications with others. This duty cannot be deferred, conditioned, or replaced by KORA procedures, fee assessments, or records-search timelines.

The accommodations I requested, specifically: timely electronic delivery of filed documents and orders, confirmation of filing status, and access to file-stamped copies necessary to understand and participate in my own case.

are communication accommodations, not public-records requests. They are required where necessary to ensure effective communication and equal participation under 28 C.F.R. § 35.160(a)(1) and § 35.160(b)(2), which requires the court to give *primary consideration* to the accommodation requested.

Accordingly, please process my request under the court's ADA Title II procedures and provide a written determination addressing:

1. whether the requested accommodations will be granted;
2. if any are denied, the specific legal basis for denial under the ADA; and
3. any alternative accommodations being offered, as required by federal law.

Please note that continued treatment of ADA accommodation requests as KORA requests may constitute interference with ADA rights under 42 U.S.C. § 12203(b) and will be preserved accordingly.

I look forward to your prompt response and good-faith engagement in the ADA interactive process.

Angeliina Lawson

On Fri, Dec 19, 2025 at 2:00 PM Kelly Johnson <Kelly.Johnson@kscourts.gov> wrote:

Ms. Lawson,

On December 18, 2025, as part of an ADA accommodations request, you requested the following:

> A complete copy of all missing file-stamps and documents withheld by Clerk Miller. Including index numbers: #51–#60, #68–#80, #81-88, #92 and all other sealed documents being blocked from my access and missing from my records.

Please provide additional information to identify the documents you are requesting in the last part of your request – "all other sealed documents being blocked from my access and missing from my records."

Your inquiry is treated as a request for information under the Kansas Open Records Act (KORA), K.S.A. 45-215, et seq. KORA requires public agencies to disclose information that is part of the public record. K.S.A. 45-218. The public record includes any information recorded in any form regardless of characteristics or location, which is created, maintained, or possessed by any public agency or any officer or employee of a public agency, if the information relates to the official duties of the officer or employee. K.S.A. 45-217(g)(1). KORA does not require release of records that are prohibited or restricted from disclosure under federal law, state statute, or rule of the Kansas Supreme Court. K.S.A. 45-221(a)(1).

We have begun the process of determining if we possess any public records meeting the terms of your request that are subject to disclosure by law. As soon as possible, we will provide you with one or more of the following:

1. Copies of the requested public records;

2. A statement concerning our inability to locate any public records meeting the terms of your request;

3. A request for clarification concerning the types of records or information you seek;

4. If we determine that the public records you request exist but are voluminous, difficult to locate, and/or contain information that may include open and closed material, we will provide you with a written estimate of the fees that we will request to be pre-paid in order to pay for the actual costs associated with (a) locating and/or retrieving the public records from storage, (b) staff time spent in or assisting with making copies of the records, including attorney time spent examining the records for possible closure and/or redaction, and (c) copying and mailing the requested public records; and/or

5. If we determine that we possess records, but those records are closed by law, we will provide you with that information with a written citation to the laws allowing or requiring that type of public record to be closed.

We will contact you again, as soon as possible, concerning this matter and your request.

15

Sincerely,

Kelly E. Johnson

District Court Administrator

From: Angeliina <angeliinacourtrecords@gmail.com>
Sent: Thursday, December 18, 2025 2:03 PM
To: Kelly Johnson <Kelly.Johnson@kscourts.gov>
Subject: ADA accommodations Effective Communication

> CAUTION: This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon Kelly,

This is a formal request for ADA Title II reasonable accommodations for effective communication under:

- 28 C.F.R. § 35.130 – Equal access, nondiscrimination, no surcharges
- 28 C.F.R. § 35.160 – Effective communication
- 42 U.S.C. § 12203 – ADA anti-retaliation & interference

I request accommodations because the court clerk, Tina Miller, has repeatedly obstructed my ability to access filings, court orders, and documents necessary to participate in my own case, creating barriers to communication based on my disability.

Under 28 C.F.R. § 35.160(a)(1), the court must ensure communications with disabled individuals are as effective as communications with others. However, the following actions by Clerk Tina Miller have prevented my equal access and ability to understand and respond to court proceedings:

1. Withholding Stamped Filed Copies of My Filings

- Multiple filings were never returned to me with the file stamp, including motions, judicial orders, opposing counsel motions/subpoenas, indexes

  #51–#60, #68–#80, #81-88, #92 despite multiple requests.

- This prevents me from knowing what was filed, when, and whether it was accepted a direct violation of effective communication standards.

2. Delayed Filing of "Fraud Upon the Court" Notice for Nearly 3 Months

- My "Fraud Upon the Court" notice was intentionally delayed and re-categorized as "correspondence," contrary to filing rules.

16

- This obstructs my ability to respond, preserve issues, and participate in proceedings.

3. Withholding the §1443 Federal Civil-Rights Removal Notice

- Tina Miller held my 28 U.S.C. § 1443 removal notice filed on May 6, 2025 for two days May 8, 2025 until "the judge gave permission," which is not legally required. Then she refused to send the record to federal court requiring a fee.
- Under §1446(d), clerks must immediately file removal notices.

4. Selective denial of access because I am "pro se"

- The clerk has stated or implied that because I am "pro se," my access is locked out.
- Under Title II, the court must provide accommodations regardless of represented status.

These actions have directly impaired my ability to process information, prepare responses, and participate meaningfully.

ADA VIOLATIONS TRIGGERED

A. 28 C.F.R. § 35.160 – Effective Communication. The court must provide auxiliary aids and services "where necessary to afford an equal opportunity." Denying me access to filed documents and orders removes the foundation of communication, making it impossible to track deadlines or understand proceedings.

B. 28 C.F.R. § 35.130 – No discrimination, no special burdens. The court may not: Deny participation on the basis of disability, Require extra burdens or hoops to obtain documents, Impose policies or fees that disproportionately affect disabled litigants. Withholding documents and delaying filings violates these requirements.

C. 42 U.S.C. § 12203 – Interference & Retaliation. Delays and withholding filings after my ADA complaints began constitute prohibited retaliation.

IV. REQUESTED ADA ACCOMMODATIONS

I request the following accommodations, required under Title II for effective communication:

1. Immediate and automatic email delivery of all filed documents. This is explicitly permitted under 28 C.F.R. § 35.160(b)(2): the entity must give "primary consideration" to the individual's requested accommodation.

2. Written confirmation within 24 hours that my filings were accepted, rejected, or misfiled. Because of documented delays and mistakes by Clerk Miller, I need written confirmation to ensure effective communication.

3. A complete copy of all missing file-stamps and documents withheld by Clerk Miller. Including index numbers: #51–#60, #68–#80, #81-88, #92 and all other sealed documents being blocked from my access and missing from my records. This is required for me to track deadlines, appeals and respond appropriately.

4. Prohibition on withholding, delaying, or re-labeling my filings. As an accommodation, the court must ensure: No document is delayed, No document is reclassified as "correspondence". No filing requires judge approval before acceptance. This prevents further ADA-triggered barriers.

## VI. NON-WAIVER OF RIGHTS

This ADA request: Does not waive any rights under § 1983, § 1443, ADA Title II, due process, or federal removal. Preserves all objections to jurisdiction, venue, and unlawful procedural actions.

--

Angeliina Lynn Lawson
Pro Se Litigant | ADA-Protected Party | Federal Civil Rights Plaintiff
1914 5th Avenue, Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com |  (913) 972-1661

NOTICE: This communication constitutes formal notice under ADA Title II (42 U.S.C. § 12132) and anti-retaliation protections under 42 U.S.C. § 12203(b). It is being preserved as part of ongoing federal proceedings under 42 U.S.C. § 1983 and civil RICO investigations under 18 U.S.C. §§ 1961–1968. Unauthorized disclosure, suppression, or surveillance of this communication or its routing metadata may constitute spoliation of evidence, discriminatory interference, or obstruction of justice under federal law. All emails and accommodations sent or received are subject to preservation orders and may be used in federal filings, including discovery actions, civil complaints, and FOIA/KORA litigation.

--

Angeliina Lynn Lawson
Pro Se Litigant | ADA-Protected Party | Federal Civil Rights Plaintiff
1914 5th Avenue, Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com |  (913) 972-1661

NOTICE: This communication constitutes formal notice under ADA Title II (42 U.S.C. § 12132) and anti-retaliation protections under 42 U.S.C. § 12203(b). It is being preserved as part of ongoing federal proceedings under 42 U.S.C. § 1983 and civil RICO investigations under 18 U.S.C. §§ 1961–1968. Unauthorized disclosure, suppression, or surveillance of this communication or its routing metadata may constitute spoliation of evidence, discriminatory interference, or obstruction of justice under federal law. All emails and accommodations sent or received are subject to preservation orders and may be used in federal filings, including discovery actions, civil complaints, and FOIA/KORA litigation.

--

**Angeliina Lynn Lawson**
Pro Se Litigant | ADA-Protected Party | Federal Civil Rights Plaintiff
1914 5th Avenue, Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com |  (913) 972-1661

NOTICE: This communication constitutes formal notice under ADA Title II (42 U.S.C. § 12132) and anti-retaliation protections under 42 U.S.C. § 12203(b). It is being preserved as part of ongoing federal proceedings under 42 U.S.C. § 1983 and civil RICO investigations under 18 U.S.C. §§ 1961–1968. Unauthorized disclosure, suppression, or surveillance of this communication or its routing metadata may constitute spoliation of evidence, discriminatory interference, or obstruction of justice under federal law. All emails and accommodations sent or received are subject to preservation orders and may be used in federal filings, including discovery actions, civil complaints, and FOIA/KORA litigation.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

Angeliina Lynn Lawson,

Plaintiff,

v.

Anderson County, et. al

Defendants.

Case No.: 5:26-cv-4006

SUPPLEMENTAL NOTICE PRESERVING ONGOING VIOLATIONS UNDER 42 U.S.C. §§ 1983, 12132, AND 12203 WITH SUPPORTING EXHIBITS

Filed in support of the Complaint and to preserve the record of continuing obstruction and retaliation by Defendants under color of law.

I. INTRODUCTION

Plaintiff respectfully submits this supplemental notice to document ongoing denials of access to material evidence by Defendant court officers following the filing of this lawsuit. Since the filing of the complaint, Defendants have issued formal written denials confirming that a positive report from 4 Families Services, dated December 18, 2025, was sent directly to the chambers of Judge Eric W. Godderz and was never docketed, served, or made available to Plaintiff. Despite direct notice to the Kansas Office of Judicial Administration, no supervisory intervention was taken.

1

19

Plaintiff was referred back to the same officials engaged in record suppression, confirming the absence of internal enforcement mechanisms.

These acts constitute continuing violations of Plaintiff's rights under the Due Process Clause, Title II of the Americans with Disabilities Act (ADA), and 42 U.S.C. § 1983.

II. SUMMARY OF EVENTS

1. December 18, 2025: 4 Families Services submitted a positive report to Judge Godderz. The report was never docketed and concealed.

2. December 22, 2025: The judge issued an order suspending all parenting time without referencing or disclosing the positive report.

3. January 15, 2026: ADA Coordinator and District Court Administrator Kelly Johnson denied Plaintiff's request for the report, citing KORA exemptions and stating the judge "kept" the report from the public record (Exhibit A already on file).

4. January 16, 2026: Clerk Tina Miller issued a second denial confirming the report is being withheld and affirming it was never filed (Exhibit B).

5. January 8, 2026: The Office of the Kansas Attorney General acknowledged Plaintiff's complaint but has taken no enforcement action (Exhibit C).

6. On January 16, 2026, Assistant General Counsel John Houston of the Kansas OJA confirmed via email that neither HR nor OJA would take action to address Plaintiff's report of record suppression by the Anderson County Clerk. Plaintiff was referred back to the same district court actors responsible for the denial of access, confirming the systemic nature of the misconduct and lack of accountability within the state judicial structure (Exhibit D).

These written communications prove that Defendant court officials have actively concealed material evidence, denied access to court records, and misused administrative discretion to retaliate against Plaintiff for protected ADA activity.

## III. ADDITIONAL EXHIBITS

- Exhibit B — Email from Tina Miller, Clerk of the District Court (Jan. 16, 2026)
- Exhibit C — Letter from the Office of the Kansas Attorney General (Jan. 8, 2026)
- Exhibit D – Email from OJA General Counsel (Jan. 16, 2026): Denial of Oversight Over Clerk Misconduct

These exhibits support Plaintiff's claims of ongoing suppression, denial of effective communication, and fraud upon the court under 42 U.S.C. §§ 1983, 12132, and 12203.

Respectfully submitted,                                  Dated: January 16, 2026

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Pro Se
1914 5th Avenue
Leavenworth, Kansas 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2026, I am preserving a true and correct copy of the foregoing Supplemental Notice and attached exhibits for future service after summons has issued and Defendants have appeared or waived service. This filing is submitted solely for record supplementation and no service has yet been effected as no summons have been returned or issued at this time

./s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson
Pro Se Plaintiff

 **Gmail**

Angeliina <angeliinacourtrecords@gmail.com>

## Filing #96

**Tina Miller** <Tina.Miller@kscourts.gov>                    Fri, Jan 16, 2026 at 4:00 PM
To: Angeliina <angeliinacourtrecords@gmail.com>

*Ms. Lawson,*

*Your request for a copy of the report by 4 Families Services (Layne Project) is denied. The report in question was emailed directly to Judge Godderz's office. As it was a record directly to a judge, it is not subject to the Kansas Open Records Act. The public policy behind KORA is that public records should be accessible to the public. K.S.A. 45-216. A "public record" is any recorded information made, maintained, kept, or is in the possession of a public agency or an officer of that public agency. K.S.A. 45-217(l)(1). However, the definition of "public agency" expressly excludes judges. K.S.A. 45-217(k)(2) (B). Therefore, any record received and kept by the judge by definition is not a public record subject to KORA.*

*Thank you,*

*Tina*

**From:** Angeliina <angeliinacourtrecords@gmail.com>
**Sent:** Thursday, January 8, 2026 12:23 PM
**To:** Tina Miller <Tina.Miller@kscourts.gov>
**Subject:** Re: Filing #96

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Clarification - I don't know what they titled the report for this to be dismissed. I stated it was from 4 Families Services (previously Layne Project) and I have their statement saying they filed it on Dec 18, 2025 into the case so I need it filed into the case and provided a copy.

Angeliina

On Thu, Jan 8, 2026 at 11:02 AM Tina Miller <Tina.Miller@kscourts.gov> wrote:

Ms. Lawson,

Document titled 4 Families(Previously Layne Project) has not been filed in AN-2020-DM-000131. There no documents filed in to this case on 12/18/2025.

Thank you,

Tina

**From:** Angeliina <angeliinacourtrecords@gmail.com>
**Sent:** Tuesday, January 6, 2026 6:07 PM
**To:** Tina Miller <Tina.Miller@kscourts.gov>
**Subject:** Re: Filing #96

**CAUTION: This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

My KORA request for the 4 Families report filed on Dec 18 still has not been provided

Angeliina

On Tue, Jan 6, 2026 at 12:42 PM Tina Miller <Tina.Miller@kscourts.gov> wrote:

Thank you,

Tina Miller

Clerk of the District Court

*Anderson County District Court*

*PO Box 305*

*Garnett, Kansas 66032-0305*

Phone 785-448-6886

Fax 785-448-3230

23

--

**Angeliina Lynn Lawson**
Pro Se Litigant | ADA-Protected Party | Federal Civil Rights Plaintiff
1914 5th Avenue, Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com |  (913) 972-1661

NOTICE: This communication constitutes formal notice under ADA Title II (42 U.S.C. § 12132) and anti-retaliation protections under 42 U.S.C. § 12203(b). It is being preserved as part of ongoing federal proceedings under 42 U.S.C. § 1983 and civil RICO investigations under 18 U.S.C. §§ 1961–1968. Unauthorized disclosure, suppression, or surveillance of this communication or its routing metadata may constitute spoliation of evidence, discriminatory interference, or obstruction of justice under federal law. All emails and accommodations sent or received are subject to preservation orders and may be used in federal filings, including discovery actions, civil complaints, and FOIA/KORA litigation.

--

**Angeliina Lynn Lawson**
Pro Se Litigant | ADA-Protected Party | Federal Civil Rights Plaintiff
1914 5th Avenue, Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com |  (913) 972-1661

NOTICE: This communication constitutes formal notice under ADA Title II (42 U.S.C. § 12132) and anti-retaliation protections under 42 U.S.C. § 12203(b). It is being preserved as part of ongoing federal proceedings under 42 U.S.C. § 1983 and civil RICO investigations under 18 U.S.C. §§ 1961–1968. Unauthorized disclosure, suppression, or surveillance of this communication or its routing metadata may constitute spoliation of evidence, discriminatory interference, or obstruction of justice under federal law. All emails and accommodations sent or received are subject to preservation orders and may be used in federal filings, including discovery actions, civil complaints, and FOIA/KORA litigation.

Exhibit C

**STATE OF KANSAS**
**OFFICE OF THE ATTORNEY GENERAL**

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

January 7, 2026

Angeliina Lawson
1914 5th Avenue
Leavenworth, KS 66048-3731
Sent Via E-Mail Only To: angeliinalawson@gmail.com

RE:     KORA Complaint - Anderson County Court Clerk
        Our File Number PP-26-000009

Dear Ms. Lawson:

On January 7, 2026, we received your KORA complaint that you submitted online January 7, 2026. In your complaint, you alleged that the Anderson County Court Clerk violated the Kansas Open Records Act (KORA).[1]

This matter remains pending. We will contact you if further information is needed relating to your complaint. Additionally, we will advise you of the results of our review when it is concluded.

We appreciate your patience as we continue our review of this matter.

Sincerely,

Open Government Enforcement Section
Office of the Kansas Attorney General

---

[1] K.S.A. 45-215 *et seq.*

25

 Gmail

Angeliina <angeliinacourtrecords@gmail.com>

## Tina Miller - Anderson County Court Clerk

**John Houston** <John.Houston@kscourts.gov>
To: "angeliinacourtrecords@gmail.com" <angeliinacourtrecords@gmail.com>
Cc: Lindsay Heptinstall <Lindsay.Heptinstall@kscourts.gov>, HR <hr@kscourts.gov>

Angeliina –

HR is extremely busy, and they have no ability to put together an appellate record. Please take your concerns directly to the district court.

Thank you.

**John T. Houston**

Assistant General Counsel

Office of Judicial Administration

Kansas Judicial Branch

301 SW Tenth Avenue

Topeka, KS 66612

(785) 230-3771 (cell)

john.houston@kscourts.gov



CONFIDENTIALITY NOTICE: This email, including attachments, if any, is intended for the person to whom it is addressed and may contain confidential information and/c message may not be forwarded without permission from the sender. Any unauthorized review, use, or disclosure is prohibited. Delivery of this message to anyone other t intended to waive any confidentiality or claim of privilege. If you are not the intended recipient, please contact the sender and delete or otherwise destroy the original mes you.

**From:** HR <hr@kscourts.gov>
**Sent:** Friday, January 16, 2026 2:18 PM
**To:** John Houston <John.Houston@kscourts.gov>
**Cc:** Lindsay Heptinstall <Lindsay.Heptinstall@kscourts.gov>
**Subject:** FW: Tina Miller - Anderson County Court Clerk

John,

For you.

**Jenn Bennett**

Personnel Specialist

Office of Judicial Administration

Kansas Judicial Branch

301 SW 10th Ave

Topeka, KS 66612

785-940-1048

Kscourts.gov



**Kansas**
**Judicial Branch**

If you are not the intended recipient and have received this communication in error, please notify the sender immediately and destroy the original message and all copies copying, distribution, or the taking of any action in reliance on the contents of this communication is strictly prohibited. Receipt by anyone other than the intended recipient privilege, or immunity.

**From:** Angeliina <angeliinacourtrecords@gmail.com>
**Sent:** Friday, January 16, 2026 2:17 PM
**To:** HR <hr@kscourts.gov>
**Subject:** Tina Miller - Anderson County Court Clerk

**CAUTION: This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

I have not received copies of the appeal record to verify all the filings are there. These are the filings I need copies of and today is January 16, 2026

| | |
|---|---|
| 01/13/2026 | APP: Appeal Table of Contents<br><br>Comment: Table of Contents 130051 |
| 01/14/2026 | APP: Volume<br><br>Comment: Volume 1 (Public) |
| 01/14/2026 | APP: Volume<br><br>Comment: Volume 2 (Public) |
| 01/14/2026 | APP: Volume<br><br>Comment: Volume 3 (Confidential) |
| 01/14/2026 | APP: Volume<br><br>Comment: Volume 4 (Transcript) |
| 01/14/2026 | APP: Volume<br><br>Comment: Volume 5 (Transcript) |
| 01/14/2026 | APP: Volume<br><br>Comment: Volume 6 (Transcript) |
| 01/14/2026 | INF: Information (Generic) |

28

--

**Angeliina Lynn Lawson**
Pro Se Litigant | ADA-Protected Party | Federal Civil Rights Plaintiff
1914 5th Avenue, Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com |  (913) 972-1661

NOTICE: This communication constitutes formal notice under ADA Title II (42 U.S.C. § 12132) and anti-retaliation protections under 42 U.S.C. § 12203(b). It is being preserved as part of ongoing federal pr 1983 and civil RICO investigations under 18 U.S.C. §§ 1961–1968. Unauthorized disclosure, suppression, or surveillance of this communication or its routing metadata may constitu evidence, discriminatory interference, or obstruction of justice under federal law. All emails and accommodations sent or received are subject to preservation orders and including discovery actions, civil complaints, and FOIA/KORA litigation.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ANGELIINA  L. LAWSON,

     Plaintiff,

     v.

ANDERSON COUNTY, *et al.*,

     Defendants.

Case No. 26-4006-TC-ADM

**<u>ORDER</u>**

This matter comes before the court on plaintiff Angeliina L. Lawson's Motion to Proceed Without Prepayment of Fees.  (ECF 4.)   Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." Proceeding in forma pauperis ("IFP") "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).  The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the information provided in Lawson's affidavit of financial status (ECF 4-1), the court concludes that her financial situation warrants waiving the filing fee.  Because of this, the court grants the motion insofar as the court finds Lawson is entitled to proceed without prepayment of fees.  However, the court will not direct service of process on the defendants until the court screens the complaint for merit under 28 U.S.C. § 1915(e)(2)(B).

29

2

**IT IS THEREFORE ORDERED** that plaintiff Angeliina L. Lawson's Motion to Proceed Without Prepayment of Fees (ECF 4) is granted. The U.S. Marshals Service shall withhold service on the defendants until further order of the court.

**IT IS SO ORDERED.**

Dated January 27, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

2

30

FILED
U.S. District Court
District of Kansas
02/10/2026
Clerk, U.S. District Court
By: MAM Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ANDERSON COUNTY, KANSAS, et al.,

Defendants.

Case No. 5:26-cv-04006

MOTION TO EXPEDITE SERVICE AND SET SCHEDULING CONFERENCE

COMES NOW Plaintiff, Angeliina Lynn Lawson, pro se and in forma pauperis, and pursuant to Federal Rules of Civil Procedure 4(c), 16, and 1, respectfully moves this Court to expedite service of process upon the named Defendants and to set an initial scheduling conference. In support of this motion, Plaintiff states as follows:

I. BACKGROUND

1. Plaintiff filed her Complaint on January 19, 2026, asserting claims under 42 U.S.C. § 1983, Title II of the ADA, and 42 U.S.C. § 12203 for constitutional and statutory violations committed by court officials and ADA coordinators in Anderson County, Kansas.

1

31

2. On January 27, 2026, this Court granted Plaintiff's Motion to Proceed IFP status (ECF No. 4), but then ordered the U.S. Marshals Service to withhold service pending further direction from the Court.

3. Plaintiff has produced and filed into this matter further documentary evidence of ex parte concealment of exculpatory evidence by Judge Eric W. Godderz and coordinated denial of access by Clerk Tina Miller and ADA Coordinator Kelly Johnson. These events continue to impede both the appeal process and Plaintiff's parental rights, causing irreparable harm.

4. Specifically, Plaintiff was denied access to the appellate record and only received a copy of it through a Kansas Open Records Act (KORA) request, fulfilled on February 3, 2026. Volume 3 of the appellate record remains sealed without a court order, motion to seal, or service to Plaintiff, and contains the December 18, 2025 parenting report that contradicts the findings used to terminate Plaintiff's parental time.

5. The concealment of this evidence, the retaliatory ADA denials, and failure to docket Plaintiff's filings are all material facts pled in the federal Complaint and actively harming Plaintiff during the pendency of this case.

## II. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Issue an order directing the U.S. Marshals Service to proceed with service of process on all named Defendants without further delay;

2. Set an initial Rule 16 Scheduling Conference at the Court's earliest availability;

3.   Alternatively, issue a status update indicating whether screening under 28 U.S.C. §

1915(e)(2) is complete, or whether limited amendment or clarification is required.

Expedited consideration is warranted given the ongoing deprivation of constitutional rights,

ongoing obstruction of the appellate process, and the existence of concrete evidence now filed

into the record confirming concealment and ADA retaliation.

Respectfully submitted,                                     Dated: February 10, 2026

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se Plaintiff

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com | (913) 972-1661

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2026, I caused a true and correct copy of the

foregoing Motion to Expedite Service and Set Scheduling Conference to be filed with the Clerk

of the Court using the CM/ECF system. Because summons has not issued and Defendants have

not yet appeared, service is not required at this time.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Angeliina Lynn Lawson (angeliinacourtrecords@gmail.com), District
Judge Toby Crouse (ksd_crouse_chambers@ksd.uscourts.gov), Magistrate Judge Angel D.
Mitchell (ksd_mitchell_chambers@ksd.uscourts.gov)
--Non Case Participants: Stephen O. Phillips (steve.phillips@kscourts.org)
--No Notice Sent:

Message-Id:6580146@ksd.uscourts.gov
Subject:Activity in Case 5:26-cv-04006-TC-ADM Lawson v. Anderson County, Kansas et al
Order on Motion to Expedite
Content-Type: text/html
```

## U.S. District Court

## DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 2/23/2026 at 10:29 AM CST and filed on 2/23/2026

| | |
|---|---|
| **Case Name:** | Lawson v. Anderson County, Kansas et al |
| **Case Number:** | 5:26–cv–04006–TC–ADM |
| **Filer:** | |
| **Document Number:** | 9(No document attached) |

**Docket Text:**
**ORDER denying [8] plaintiff's motion to expedite service and set scheduling conference. Plaintiff has invoked no grounds entitling her to the relief sought, and the court is unaware of any such grounds. In an order issued on January 27, 2026 (ECF 7), the court noted that it would not direct service of process on the defendants until the court screens the complaint for merit under 28 U.S.C. § 1915(e)(2)(B). If plaintiff wishes to avoid the delay associated with the screening process, she may pay the filing fee and then take the necessary steps to effect service of process on defendants. Otherwise, as previously ordered, the United States Marshals Service is directed to withhold service of process unless and until the court screens plaintiff's complaint for merit. Signed by Magistrate Judge Angel D. Mitchell on 2/23/2026. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (alh)**

**5:26–cv–04006–TC–ADM Notice has been electronically mailed to:**

Angeliina Lynn Lawson     angeliinacourtrecords@gmail.com

**5:26–cv–04006–TC–ADM Notice has been delivered by other means to:**

**FILED**
**U.S. District Court**
**District of Kansas**
02/25/2026
**Clerk, U.S. District Court**
**By:** MAM **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ANDERSON COUNTY, KANSAS, et al.,

Defendants.

Case No. 5:26-cv-04006

RESPONSE TO ORDER DENYING EXPEDITED ISSUANCE OF SUMMONS

AND NOTICE REGARDING ONGOING HARM DURING § 1915 SCREENING

Plaintiff, proceeding pro se and in forma pauperis, respectfully submits this Response to the Court's Order denying expedited issuance of summons pending screening under 28 U.S.C. § 1915(e)(2).

I. Acknowledgment of Screening Requirement

Plaintiff acknowledges that screening is required under 28 U.S.C. § 1915(e)(2)(B). Plaintiff does not seek to circumvent or nullify that statutory obligation. This filing is not a motion to reconsider the Court's Order.

II. Disability Access and Meaningful Participation

1

Plaintiff is a qualified individual with a disability and has asserted ADA Title II protections under 42 U.S.C. § 12131–12134 and related implementing standards applicable to public-entity programs and proceedings including effective communication and reasonable modification principles. Plaintiff respectfully preserves that court processes must remain meaningfully accessible, including for timely participation where ongoing harm has been documented with submitted exhibits to the courts record.

III. Clarification Regarding Filing Fee Comment and Access Implications

The Court's Order notes that Plaintiff may pay the filing fee to avoid delay. Plaintiff understands that screening applies when proceeding in forma pauperis under 28 U.S.C. § 1915(e)(2), and does not dispute the Court's authority to conduct such screening.

However, Plaintiff respectfully preserves the following for purposes of record clarity and potential review:

1.  The statutory right to proceed in forma pauperis is intended to ensure access to the courts for indigent litigants and must not operate in a manner that materially diminishes or functionally delays access to judicial protection where ongoing harm is alleged.

2.  When a litigant who qualifies for in forma pauperis status alleges continuing constitutional and statutory injury, the interaction between § 1915 screening and the timing of service becomes a question of access to courts, not merely fee administration.

3.  Conditioning prompt service upon the ability to pay the filing fee creates two procedural tracks: (a) litigants able to prepay fees and obtain immediate summons issuance; and (b)

2

36

indigent litigants subject to pre-service screening before any adversarial process may begin.

4. Plaintiff does not contend that screening is improper. Plaintiff preserves that the screening process must be administered within a reasonable timeframe and in a manner consistent with constitutional right of access to the courts and due process principles; and ADA Title II's requirement ensuring meaningful access.

5. Where ongoing irreparable harm is alleged and evidence submitted to the record for examination, extended pre-service delay may operate as a temporary denial of judicial protection. Plaintiff respectfully preserves that § 1915 screening cannot be applied in a manner that results in constructive exclusion from timely judicial relief solely due to indigency status.

Plaintiff raises this issue not to challenge the Court's authority, but to ensure the record reflects that meaningful access concerns have been asserted and preserved during the pendency of screening.

IV. Limited Request

Plaintiff respectfully requests:

1. Confirmation that preservation obligations apply with respect to documents, communications and electronically stored information relevant to the allegations in the Complaint during the pendency of screening; and

3

37

2. Recognition that ADA access principles apply to the timing and administration of judicial processes, including screening under § 1915. Plaintiff seeks confirmation that screening will not operate as an indefinite delay in the face of ongoing alleged harm.

Respectfully submitted,                              Dated: February 25, 2026


/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Plaintiff, Pro Se

1914 5th Avenue, Leavenworth, Kansas 66048

(913) 972-1661 | AngeliinaCourtRecords@gmail.com


CERTIFICATE OF SERVICE


I certify that on February 25, 2026, I electronically filed the foregoing Response with the Clerk of the Court using the CM/ECF system. Because summons has not issued and Defendants have not appeared, service pursuant to Federal Rule of Civil Procedure 5 is not required at this time.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson

4

38

**In the United States District Court
for the District of Kansas**

_____

Case No. 26-cv-4006-TC-ADM

_____

ANGELIINA LYNN LAWSON,

*Plaintiff*

v.

ANDERSON COUNTY, KANSAS, ET AL.,

*Defendants*

_____

**ORDER**

Plaintiff Angeliina Lawson filed this suit against Anderson County, Kansas, Tina Miller, Kelly Johnson, and Jolene Zirkle alleging that they violated her civil rights. Doc. 1. It appears that this suit is duplicative of others that Lawson has previously filed in the District of Kansas. *Compare* Doc. 1 (alleging violations Lawson's "ADA rights" regarding a state-court child custody dispute); *with Lawson v. Kansas Department of Children and Families, et al.*, No. 25-2171, Doc. 1 (same). Lawson has already sued these exact defendants for the reasons she does now. *See Lawson v. Godderz, et al.*, No. 25-1179 (suit against Miller, Johnson, and Zirkle). Lawson has filed at least four suits in the District of Kansas in addition to the instant suit, and all make the same claims that she does here. *See Lawson*, No. 25-2171; *Lawson v. Godderz, et al.*, No. 25-2199; *Lawson v. Bolton, et al.*, No. 25-2251; *Lawson*, 25-1179. Two of those suits were dismissed for judicial immunity and failure to state claim. *Lawson*, 25-2171, Doc. 48; *Lawson*, 25-2199, Doc. 33. She also sought to remove a state family law case to the District of Kansas. *Lawson v. Lawson*, No. 25-4045.

Lawson's Complaint raises questions about the propriety of this suit. *See Lawson*, No. 25-2171, Doc. 73 (Chief Judge's admonition that Lawson would be subject to filing restrictions if she were to continue to file motions that were "frivolous and without merit"). In particular, it appears that Lawson may be engaged in a pattern of vexatious and

1

frivolous litigation that is not grounded in good faith. *See Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) ("The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.").

Accordingly, Plaintiff Lawson is ordered to show cause within fourteen days why this suit should not be dismissed for lack of subject-matter jurisdiction, judicial immunity, *res judicata*, or failure to state a claim. The case is stayed pending Lawson's response to this Order, and Defendants, if served, are ordered not to answer until the stay is lifted. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015).

It is so ordered.

Date: March 4, 2026                     s/ Toby Crouse
                                        Toby Crouse
                                        United States District Judge

2

40

**FILED**
**U.S. District Court**
**District of Kansas**
03/11/2026

**Clerk, U.S. District Court**
**By:** MAM **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ANDERSON COUNTY, KANSAS, et al.,

Defendants.

Case No. 5:26-cv-04006

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Angeliina Lynn Lawson, appearing pro se, respectfully submits this Response to the

Court's March 4, 2026 Order to Show Cause.

For the reasons set forth below, Plaintiff submits that this Court has subject-matter jurisdiction,

that judicial immunity is inapplicable because no judges are sued, that no prior final judgment

bars this action, and that the Complaint states plausible claims under 42 U.S.C. § 1983 and Title

II of the Americans with Disabilities Act (ADA), including 42 U.S.C. § 12203.

I. SUBJECT-MATTER JURISDICTION

This case arises under federal law. The Complaint asserts claims under:

41

1. 42 U.S.C. § 1983, alleging violations of procedural due process and access-to-courts rights under the Fourteenth Amendment, as well as interference/retaliation tied to Plaintiff's exercise of her rights; and

2. Title II of the ADA, 42 U.S.C. § 12132, and the ADA anti-retaliation provision, 42 U.S.C. § 12203, based on denial of effective communication and retaliation for using ADA channels to seek accommodations and access to records.

The defendants are Anderson County and court administrative officials (the Anderson County Clerk and ADA coordinators for the judicial branch) who are alleged to have acted under color of state law. Federal-question jurisdiction therefore exists under 28 U.S.C. §§ 1331 and 1343.

A. This suit does not seek appellate review or modification of state-court custody orders. Plaintiff recognizes that this Court does not sit as an appellate tribunal over state-court judgments and that state custody determinations must be litigated in the state courts and through state appellate review.

This action is not a request for federal appellate review of Anderson County Case No. 2020-DM-131. The merits and legality of the custody proceedings themselves are being pursued through state-court channels.

By contrast, the present case seeks federal remedies for independent federal violations allegedly committed by Anderson County and court administrative staff in December 2025 and January 2026, including:

- Ex parte transmission of the December 18, 2025 4 Families Services parenting report to the presiding judge's chambers or assistant without filing, docketing, or serving Plaintiff;

- Clerk Tina Miller's confirmation that no filing occurred on December 18, 2025, even though there is enough knowledge to state the "judge kept" the report; and

- ADA coordinators Kelly Johnson and Jolene Zirkle's refusal to process Plaintiff's December 18–January 15 written communications as ADA Title II accommodation requests for effective communication and access to records, instead reclassifying them as Kansas Open Records Act (KORA) requests and denying access on that basis.

These alleged acts are record-handling conduct by county and court staff, not judicial decision-making. They concern the handling and withholding of a material parenting report and the treatment of Plaintiff's ADA grievances, rather than the correctness of any state-court judgment.

To eliminate any possible confusion, Plaintiff withdraws any prior request that this Court vacate, declare void, or otherwise directly alter the December 22, 2025 custody order or any other state custody determination. Plaintiff seeks no federal order that would nullify or rewrite a state judgment.

B. Relief sought is focused on federal rights and access to court services. As clarified, Plaintiff seeks:

1. Compensatory and punitive damages for the alleged federal violations described above; and

2. Narrowly tailored declaratory and injunctive relief directed to Defendants' own conduct, specifically, relief to address ongoing record-access and ADA interactive-process failures, including measures to ensure Plaintiff is afforded meaningful, effective access to the December 18, 2025 report and related court records and to ensure that ADA

accommodation requests are processed under Title II rather than being re-routed solely through KORA.

This requested relief targets Defendants' administration of court services and record access. It does not ask this Court to reweigh evidence, overturn, or modify the substance of any state-court custody judgment.

## II. JUDICIAL IMMUNITY DOES NOT APPLY

The Court's Order to Show Cause references "judicial immunity" as a possible basis for dismissal. Judicial immunity is not implicated here because no judge is named as a defendant, and Plaintiff seeks no damages from any judge.

The only defendants are:

- Anderson County, a local governmental entity;
- Tina Miller, Clerk of the Anderson County District Court;
- Kelly Johnson, ADA Coordinator/District Court Administrator for the Fourth Judicial District; and
- Jolene Zirkle, ADA Coordinator for the state judicial branch.

The challenged conduct involves record-handling, docketing, and ADA coordination, functions carried out by administrative officials and the county, not by judges issuing rulings in their adjudicative capacity. At screening, where no judge is sued, judicial immunity is not a basis for dismissal.

## III. RES JUDICATA DOES NOT BAR THIS ACTION

The Order to Show Cause also raises res judicata (claim preclusion). Claim preclusion does not apply because:

1. The key conduct alleged here occurred after prior federal cases were dismissed. Plaintiff's earlier cases were before the December 18, 2025 report and the subsequent December 22, 2025 and January 2026 events. The core factual nucleus here, ex parte receipt, non-docketing, and concealment of the 4 Families report; denial of access to that report; and ADA-related reclassification and denials, is new, and could not have been litigated in a case dismissed on October 29, 2025 or earlier.

2. The defendant set and claims are different.

   This case is focused on Anderson County and specific court administrative officials responsible for record access and ADA coordination, and on their handling of the December 18, 2025 report and Plaintiff's ADA-based record-access requests and grievances. Any prior actions involved different defendants and different dates and relief. The claims here center on distinct, later-arising conduct.

3. Later, distinct acts of retaliation and record suppression cannot be precluded in advance. Claim preclusion cannot be used to bar a disabled parent from *ever* bringing suit on later, discrete acts of retaliation, record suppression, and denial of access simply because she previously filed other civil-rights cases. The December 18–22, 2025 and January 2026 events are independent wrongs that stand on their own and are properly before this Court.

Accordingly, res judicata is not a proper basis for dismissing this action at the screening stage.

IV. THE COMPLAINT PLAUSIBLY STATES CLAIMS UNDER § 1983 AND THE ADA

At screening, the Court must accept well-pleaded factual allegations and attached exhibits as true and determine whether they plausibly state a claim for relief.  Under Rule 8(a), a complaint need only provide a short and plain statement showing entitlement to relief, and pro se pleadings are construed liberally. The Complaint and supporting exhibits and filings allege that:

- County and court administrative officials concealed a material parenting report from the case file and from Plaintiff;

- Those officials refused to docket or disclose the report even after formal complaints and ADA requests;

- Tampering with the appeal record and preventing a full record to be transmitted to the appeal court; and

- ADA coordinators reclassified accommodation requests as KORA requests and denied access, thwarting effective communication and meaningful participation.

Taken as true, these allegations plausibly state claims under § 1983 and the ADA.

A. § 1983 – Procedural due process and access-to-courts. To state a claim under § 1983, Plaintiff must allege that a person acting under color of state law deprived her of a federal right. Here, the Complaint and exhibits filed alleges that:

- Clerk Tina Miller and ADA officials Kelly Johnson and Jolene Zirkle were acting under color of state law in their official roles;

- Plaintiff paid for a report to be generated and submitted to the record as evidence of continued positive relationships with minor child. Prior parenting report in March 2025 stated positively and was recorded on the docket.

- However, the December 18, 2025 parenting report from 4 Families Services was sent directly to the presiding judge's chambers, was never docketed or served, and was concealed from Plaintiff even as an order suspending all parenting time issued days later;

- Plaintiff still has not been provided access to the report, complete case materials, or stamped copies without requiring substantial travel to the courthouse.

- Requiring Plaintiff to use KORA requests or substantial physical travel to obtain access to her own filings and records imposes an additional burden that Plaintiff alleges is incompatible with her IFP status and ADA accommodation needs.

- In January 2026, Miller and Johnson explicitly confirmed that the report was not part of the public record and that it was being withheld, while citing KORA and the fact that the judge "kept" the report; and

- These officials continued to refuse to treat the report as part of the record or to provide access, even after Plaintiff invoked ADA procedures and lodged complaints with the Kansas Attorney General and the Office of Judicial Administration.

These facts plausibly show that, acting under color of state law, Defendants deprived Plaintiff of access to material evidence in her own case and for her appeal record, impeded her ability to understand and respond to the proceedings, and obstructed her ability to pursue a proper appeal brief. That is sufficient at the pleading stage to state § 1983 claims for denial of procedural due process and denial of meaningful access to the courts.

B. ADA Title II and anti-retaliation. To state a claim under Title II of the ADA, Plaintiff must allege that (1) she is a qualified individual with a disability; (2) she was excluded from participation in, or denied the benefits of, services, programs, or activities of a public entity, or

47

otherwise discriminated against by such an entity; and (3) the exclusion, denial, or discrimination was by reason of her disability.

The Complaint and exhibits filed alleges that:

- Plaintiff has a communication disability requiring accommodations and auxiliary aids in order to understand and participate effectively in court proceedings;

- The services, programs, and activities at issue are judicial-branch and county court services, including access to court records, orders, and parenting reports in Plaintiff's own case;

- Plaintiff submitted multiple written ADA Title II accommodation requests seeking effective communication and timely electronic delivery of filed orders and documents, confirmation of filing status, and access to the December 18, 2025 report as necessary for effective communication and participation with deadlines and appeal windows; and

- Rather than engaging in the ADA interactive process, Defendants Johnson and Zirkle treated or reclassified these requests as KORA requests, denied access and failed to provide equivalent, effective communication.

These allegations support an inference that Plaintiff was denied meaningful access to court services and records because of disability communication needs that were not accommodated, and that the handling of her ADA requests had a retaliatory or interfering character in violation of 42 U.S.C. § 12203.

48

At this early stage, allegations and exhibits filed that ADA coordinators administered the ADA process itself in a way that blocked Plaintiff from obtaining necessary records and information in her own case plausibly state Title II and anti-retaliation claims.

C. Anderson County – municipal liability

The Complaint and exhibits further alleges that Anderson County's policies, customs, or practices regarding receipt, docketing, and disclosure of parenting reports, and its failure to correct or supervise the Clerk's handling of the December 18, 2025 report after formal complaints, were the moving force behind the ongoing suppression of that report and denial of access.

These factual allegations are sufficient, at the pleading stage, to support municipal liability under Monell for denial of access to the courts and violations of Title II and § 12203.

At this screening stage, Plaintiff is not required to prove her case or anticipate every possible affirmative defense. She need only allege enough facts to raise a plausible entitlement to relief. The Complaint and attached exhibits meet that standard.

CONCLUSION

For the reasons above, Plaintiff respectfully submits that:

1. This Court has subject-matter jurisdiction over Plaintiff's federal claims under § 1983 and Title II of the ADA/§ 12203;

2. Judicial immunity is not a basis for dismissal because no judge is sued and the challenged conduct is administrative;

49

3. No prior federal judgment adjudicated the specific December 18–22, 2025 and January 2026 events at issue here, so res judicata does not apply; and

4. The Complaint plausibly states claims for relief under § 1983 and Title II / § 12203 under Rule 8's notice-pleading standard, especially when construed liberally in favor of a pro se litigant under IFP status.

Plaintiff therefore respectfully requests that the Court discharge the Order to Show Cause, lift the stay, and allow this case to proceed past screening so that summons may issue and the merits may be joined. In the alternative, Plaintiff requests leave to amend.

Respectfully submitted,                          Dated: March 11, 2026

/s/ Angeliina L. Lawson
Angeliina L. Lawson, Plaintiff, Pro Se
1914 5th Avenue, Leavenworth, Kansas 66048
(913) 972-1661 | AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I certify that on this 11th day of March, 2026, I filed the foregoing Plaintiff's Response to Order to Show Cause with the Clerk of the Court using the Court's electronic filing system.

No summons has issued in this matter, and no defendant has yet been served. Because Plaintiff is proceeding in forma pauperis, service will occur, if ordered by the Court, after summons is issued and service is directed through the United States Marshals Service under Fed. R. Civ. P. 4(c)(3). Accordingly, no separate service was made at this time.

/s/ Angeliina L. Lawson

Angeliina L. Lawson

**In the United States District Court
for the District of Kansas**

——————————

Case No. 26-cv-04006-TC-ADM

——————————

ANGELIINA LYNN LAWSON,

*Plaintiff*

v.

ANDERSON COUNTY, KANSAS, ET AL.,

*Defendants*

——————————

### ORDER

Plaintiff Angeliina Lawson, proceeding pro se, sued Anderson County, Kansas, and three individuals related to the Anderson County district court and the Kansas Supreme Court, alleging that they violated her civil rights. Doc. 1. Because there were concerns about the viability of Lawson's suit and to conserve scarce judicial resources, Lawson was ordered to show cause why her Complaint should not be dismissed. Doc. 11. Lawson filed a timely response. Doc. 12.

The facts surrounding this dispute are simple. Lawson is engaged in divorce proceedings in Anderson County district court. *See In The Matter of the Marriage of Jonathan David Lawson vs. Angeliina Lynn Lawson*, No. 2020-DM-000131 (Anderson County District Court). That matter is currently up on appeal. *See In the Matter of the Marriage of J.L. v. A.L.*, No. 130051 (Kan. Ct. App). Lawson requested a document related to the merits of that dispute from the Anderson County district court clerk, but the clerk refused to turn it over to her because the document is not public.

1

51

As a result, Lawson filed suit in federal court.[1] Doc. 1. Invoking 42 U.S.C. § 1983, she alleges that Anderson County, the Anderson County district court Clerk Tina Miller, the Anderson County district court Administrator Kelly Johnson, and the Kansas Supreme Court ADA Coordinator Jolene Zirkle violated her "ADA rights" by refusing to turn over the aforementioned document. *Id.* at 4, 5. She requests over $56,000,000 in actual damages, $12,000,000 in punitive damages, a judgment declaring that the district court's orders are void, and an injunction requiring the filing and disclosure of the document. *Id.* at 6.

Lawson's suit is dismissed because jurisdiction is precluded by the *Younger* abstention doctrine.[2] Under *Younger*, a federal district court may abstain from a case where there is an ongoing state judicial proceeding, an important state interest, and an adequate opportunity to raise the federal claims in the state proceedings. *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024). All the *Younger* elements are present in this case. Lawson's divorce case and its related appeal were pending when she filed her federal complaint, and they remain so. *Lawson*, No. 2020-DM-000131; *J.L.*, No. 130051. Those divorce cases present an important state interest, for "[i]t is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child." *Hunt v. Lamb,* 427 F.3d 725, 727 (10th Cir. 2005). And there is no reason to conclude that Kansas state courts would offer Lawson an inadequate opportunity to raise her federal claims. *See Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) ("[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims, a

---

[1] This is Lawson's sixth suit in the District of Kansas regarding her divorce and child custody proceedings in Kansas state court. *See Lawson v. Kansas Department of Children and Families, et al.*, No. 25-2171; *Lawson v. Godderz, et al.*, No. 25-1179; *Lawson v. Godderz, et al.*, No. 25-2199; *Lawson v. Bolton, et al.*, No. 25-2251; *Lawson v. Lawson*, No. 25-4045.

[2] In addition to *Younger*, it appears that dismissal is proper because the defendants are entitled to qualified immunity and Lawson has failed to state a claim upon which relief may be granted. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282 (10th Cir. 2021) ("Bald accusations such as 'defendant violated the law' . . . and the like will not support a claim for relief."); *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (noting that *sua sponte* dismissal is proper for an affirmative defense "when the claim's factual backdrop clearly beckons the defense").

plaintiff typically has an adequate opportunity to raise federal claims in state court.") (quotations omitted).

It is so ordered.

Date: March 16, 2026                    _s/ Toby Crouse_____
                                        Toby Crouse
                                        United States District Judge

3

53

**In the United States District Court
for the District of Kansas**

———————

Case No. 26-cv-04006-TC-ADM

———————

ANGELIINA LYNN LAWSON,

*Plaintiff*

v.

ANDERSON COUNTY, KANSAS,
TINA MILLER, KELLY JOHNSON AND JOLENE ZIRKLE,

*Defendants*

———————

## JUDGMENT IN A CIVIL CASE

☐  Jury Verdict. This action came before the Court for a jury trial. The issues have been tried and the jury has rendered its verdict.

☒  Decision by the Court. This action came before the Court. The issues have been considered and a decision has been rendered.

**Pursuant to the Court's Order filed on March 16, 2026, this case is dismissed.**

Date:  March 16, 2026          SKYLER B. O'HARA
                              CLERK OF THE DISTRICT COURT

                              By:   s/  Traci Anderson
                                    Deputy Clerk

**FILED**
**U.S. District Court**
**District of Kansas**
03/18/2026

**Clerk, U.S. District Court**
**By:** MAM **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ANDERSON COUNTY, KANSAS, et al.,

Defendants.

Case No. 5:26-cv-04006

PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Angeliina Lynn Lawson, appearing pro se, respectfully moves under Fed. R. Civ. P.
59(e) to alter or amend the March 16, 2026 Order and Judgment dismissing this action.

Rule 59(e) relief is warranted to correct clear error and prevent manifest injustice. The dismissal
order rests on a ground not identified in the Court's March 4, 2026 Order to Show Cause,
misapprehends Plaintiff's narrowed position in response to that Order, and applies Younger
abstention more broadly than recent Supreme Court and Tenth Circuit authority permits. At
minimum, even if some abstention were proper as to equitable relief, outright dismissal of
Plaintiff's damages claims was erroneous.

I. Procedural background

1

On March 4, 2026, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction, judicial immunity, res judicata, or failure to state a claim. The Court stayed the case pending that response. Defendants had not yet been served. Plaintiff timely responded on March 11, 2026. On March 16, 2026, the Court dismissed the case on Younger abstention grounds and entered judgment the same day.

## II. Rule 59(e) standard

A Rule 59(e) motion may be granted where necessary to correct clear error or prevent manifest injustice, including where the Court has misapprehended the facts, a party's position, or controlling law. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019).

This motion does not seek to relitigate matters already decided on a fully briefed record. It asks the Court to correct errors that arose because the dismissal rested on an abstention theory not identified in the OSC and because the dismissal order materially mischaracterized the federal case Plaintiff actually presented.

## III. Argument

1. The judgment should be altered because the dismissal rested on Younger, a ground not identified in the OSC.

The OSC required Plaintiff to address four grounds only: lack of subject-matter jurisdiction, judicial immunity, res judicata, and failure to state a claim. Plaintiff did so. The dismissal order,

2

however, did not dismiss on those grounds. It dismissed because jurisdiction is precluded by the Younger abstention doctrine.

That sequence matters. Plaintiff was ordered to respond to specific stated grounds, responded to those grounds, and then the case was dismissed on a different threshold doctrine. Because Younger was not the basis identified in the OSC, Plaintiff had no fair opportunity to directly brief the abstention question before judgment entered.

That is clear error and results in manifest injustice, especially where the case was dismissed before service, before any adversarial briefing from any defendant, and while the matter remained in screening posture.

2. The dismissal order misapprehended Plaintiff's position and the nature of the federal case.

Plaintiff's OSC response expressly narrowed the case. Plaintiff told the Court:

(1) this action was not a request for federal appellate review of the Anderson County custody matter;

(2) Plaintiff withdrew any prior request that the federal court vacate, declare void, or otherwise directly alter the December 22, 2025 custody order or any other state custody determination; and

(3) the case instead targeted independent administrative and ADA-related conduct by county and court staff, including non-docketing, withholding, and denial of access to the December 18, 2025 parenting report, and the rerouting of ADA accommodation requests into KORA denials.

3

57

But the dismissal order framed the suit far more narrowly and differently, stating that Plaintiff merely requested a document related to the merits of that dispute and then sued because the clerk refused to turn it over to her because the document is not public.

That characterization does not match Plaintiff's response. Plaintiff did not present the case as a generic records dispute or as a request for the federal court to supervise the merits of the custody case. Plaintiff presented a federal civil-rights and ADA-access case directed at independent record-handling, due-process, and accommodation failures by administrative actors. The Court's contrary framing misapprehended Plaintiff's position and is a proper basis for Rule 59(e) relief.

3. The Younger ruling should be reconsidered because the order did not perform the controlling Sprint-category analysis required by current law.

Recent controlling authority makes clear that Younger abstention is not a broad domestic-relations carveout. The Supreme Court limited Younger to three exceptional categories in Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013). The Tenth Circuit has since reiterated that if and only if the state proceeding falls within one of those Sprint categories may a court proceed to Younger analysis. Travelers v. A-Quality Auto Sales, Inc., (10th Cir. 2024).

Most importantly, in a recent Tenth Circuit order and judgment, Covington v. Humphries, the court concluded that the domestic-relations proceedings there did not fit the Sprint categories and that Younger therefore did not apply. The court explained that the domestic-relations case was not a criminal prosecution, not a civil enforcement action brought by the State against a private party, and not a proceeding concerning orders uniquely in furtherance of the state court's ability to perform judicial functions.

4

The dismissal order here cited the existence of ongoing divorce/custody proceedings and the importance of state domestic-relations interests, but it did not analyze whether Plaintiff's state proceedings actually fit a Sprint category. That omission matters because post Sprint and post-Covington, domestic-relations subject matter alone is not enough.

Plaintiff's federal case, as narrowed in the OSC response, is even further removed from the state merits than the claims in Covington. Plaintiff challenged independent administrative conduct: non-docketing, withholding of a report, and denial of ADA-based access to court services and records. Those allegations do not automatically fall within any Sprint category, and the order did not identify which category actually applies.

4. Dismissal of Plaintiff's damages claims was still erroneous.

Plaintiff's OSC response expressly sought compensatory and punitive damages, along with narrowed prospective relief. The Tenth Circuit has recognized that where abstention affects federal damages claims, the proper course is to stay those claims rather than dismiss them outright until the state proceeding is final. Covington reiterated that even if Younger applied, the appropriate course would not have been dismissal but staying proceedings on the federal damages claim until the state proceeding is final.

The dismissal order did not distinguish between Plaintiff's damages claims and her equitable requests. It dismissed the entire action. That was error at minimum, even if the Court remains persuaded that some abstention applies to some portion of the requested relief.

5. The order's footnote references to qualified immunity and failure to state a claim do not cure the problem.

5

The order noted in a footnote that dismissal also "appears" proper because defendants are entitled to qualified immunity and because Plaintiff failed to state a claim. But the Court did not actually dismiss on those grounds. Nor could that footnote substitute for the OSC process that was already underway, particularly where Plaintiff had been ordered to brief specific issues and where no defendant had yet been served or appeared.

If the Court remains concerned about pleading sufficiency after reconsidering the abstention ruling, the proper course would be to reopen the case and either allow it to proceed past the Younger dismissal or grant leave to amend rather than leave judgment in place on an abstention rationale that does not fit the record or current law.

IV. Relief requested

For these reasons, Plaintiff respectfully requests that the Court:

1. grant this Rule 59(e) motion;

2. vacate the March 16, 2026 Order and Judgment;

3. reopen this case;

4. reject dismissal on the present Younger rationale;

5. allow the case to proceed past screening and to service;

or, at minimum:

6. alter the judgment so that Plaintiff's damages claims are stayed rather than dismissed;

7. dismiss only such equitable claims, if any, as the Court concludes are presently subject to abstention; and

8.  grant leave to amend if the Court believes additional clarification is needed.

Respectfully submitted,                                    Dated: March 18, 2026

/s/ *Angeliina L. Lawson*
Angeliina L. Lawson, Plaintiff, Pro Se
1914 5th Avenue, Leavenworth, Kansas 66048
(913) 972-1661 | AngeliinaCourtRecords@gmail.com

Certificate of Service

I certify that on this 18th day of March, 2026, I filed the foregoing Rule 59(e) Motion to Alter or Amend Judgment with the Clerk of the Court using the Court's electronic filing system.

No summons has issued in this matter, and no defendant has appeared or been served. Because Plaintiff is proceeding in forma pauperis and service was withheld pending screening, no separate service was made at this time.

/s/ *Angeliina L. Lawson*
Angeliina L. Lawson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
03/24/2026
**Clerk, U.S. District Court**
**By:** MAM **Deputy Clerk**

ANGELIINA LYNN LAWSON,

Plaintiff,

V.

ANDERSON COUNTY, KANSAS, et al.,

Defendants.

Case No. 5:26-cv-04006

NOTICE OF APPEAL

Notice is hereby given that Plaintiff Angeliina Lynn Lawson appeals to the United States Court of Appeals for the Tenth Circuit from: 1. the Order of Dismissal entered on March 16, 2026; and

2. the Judgment entered on March 16, 2026. Plaintiff has filed a timely motion under Fed. R. Civ. P. 59(e). This Notice of Appeal is filed protectively. To the extent Fed. R. App. P. 4(a)(4) applies, Plaintiff states that this Notice shall become effective upon entry of the order disposing of the pending Rule 59(e) motion.

Respectfully submitted,                                    Dated: March 24, 2026

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Plaintiff, Pro Se

1914 5th Avenue, Leavenworth, Kansas 66048 | (913) 972-1661 | AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I certify that on this 24th day of March, 2026, I filed the foregoing Notice of Appeal with the Clerk of the Court using the Court's electronic filing system. No summons has issued in this matter, and no defendant has appeared or been served. Because Plaintiff is proceeding in forma pauperis and service was withheld pending screening, no separate service was made at this time.

_/s/ Angeliina Lynn Lawson_

Angeliina Lynn Lawson

**In the United States District Court
for the District of Kansas**

———————

Case No. 26-cv-04006-TC-ADM

———————

ANGELIINA LYNN LAWSON,

*Plaintiff*

v.

ANDERSON COUNTY, KANSAS, ET AL.,

*Defendants*

———————

## ORDER

Plaintiff Angeliina Lawson's claims were previously dismissed for *Younger* abstention, failure to state a claim, and qualified immunity. Doc. 14. She moves for an order altering or amending the judgment. Doc. 15. For the following reasons, that motion is denied.

Federal Rule of Civil Procedure 59(e) permits a party to request reconsideration of a final judgment. A court may grant a Rule 59(e) motion when it "has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Rule 59(e) is not an appropriate vehicle for revisiting issues already considered or arguing matters "that could have been raised in prior briefing." *Id.*

Lawson argues that *Younger* abstention is inapplicable because this case does not fall under one of the enumerated *Sprint* categories. Doc. 15; *see Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) ("*Younger* abstention is triggered *only when* the state proceeding falls into one of the following categories: (1) state criminal prosecutions, (2) civil enforcement proceedings [that take on a quasi-criminal shape], and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function.") (emphasis in original).

1

63

Lawson's motion is denied because she has not shown that she is entitled to the relief she seeks. In particular, her Complaint falls squarely into the third *Sprint* category—civil proceedings involving orders in furtherance of the state court's ability to perform its judicial function—because Lawson directly challenges an order by the Anderson County district court that was in furtherance of that court's prior orders in that case. *See* Doc. 1 at 6 (requesting declaratory judgment that the "custody-terminating order [is] void"). Federal courts have concluded that *Younger* applies in similar circumstances. *See, e.g.*, *Wright v. Oklahoma Cnty.*, No. 20-00346, 2020 WL 8335672, at *8 (W.D. Okla. Aug. 31, 2020) (concluding that the third *Sprint* category applies because the plaintiff "seeks to have the Court unwind orders entered in the Divorce Case . . . and to grant him monetary relief based on alleged procedural violations in that case"); *Lawson v. Godderz*, No. 25-2199, 2025 WL 3022371, at *8 (D. Kan. Oct. 29, 2025) (concluding that the third *Sprint* category applied in another suit brought by Lawson against the judge in her divorce case, wherein her claims are a continuation of her long-running dissatisfaction with her divorce case); *see also Wyttenbach v. Parrish*, 496 F. App'x 796, 797 (10th Cir. 2012) (Gorsuch, J.) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)) ("Federal courts have long disclaimed responsibility for domestic relations cases, leaving the power to issue and enforce 'divorce, alimony, and child custody decrees' to the states.").

Even if *Younger* did not apply, Lawson's Complaint is still subject to dismissal. That is because she fails to state a claim upon which relief can be granted. Lawson asserts generally that the defendants violated her "ADA rights by conditioning custody on disability-based terms." Doc. 1 at 4. But she has not alleged any facts sufficient to determine that she has stated a claim. For example, she has not alleged that she is a qualified individual with a disability or that she engaged in protected opposition to discrimination. *See Estate. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1276 (10th Cir. 2022) ("To state a claim under [42 U.S.C. § 12132], [plaintiff must show she] is a qualified individual with a disability . . . ."); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1209 (10th Cir. 2018) (To make out a prima facie case [of ADA retaliation], a plaintiff must demonstrate that (1) he engaged in protected opposition to discrimination . . . ."). Lawson simply asserts that the defendants violated her federal rights, but "[b]ald accusations such as 'defendant violated the law,' 'defendant failed to exercise reasonable care,' and the like will not support a claim for relief." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282 (10th Cir. 2021).

2

It is so ordered.


Date: April 15, 2026                    _s/ Toby Crouse_____
                                        Toby Crouse
                                        United States District Judge


3